PHILLIP A. TALBERT
Acting United States Attorney
NIRAV K. DESAI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM A. SASSMAN,<br>  aka William A. Sassman II,<br><br>Defendant. | CASE NO. 2:21-CR-0121-KJM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: December 13, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. Defendant William A. Sassman appeared at his initial appearance and arraignment on June 28, 2021, with retained counsel, Mark Reichel. (ECF No. 4.) On July 22, 2021, Mr. Reichel was relieved as counsel, and defendant was permitted to proceed in propria persona. (ECF No. 15.) On September 14, 2021, Assistant Federal Defender Hannah Labaree was substituted into this case as counsel for defendant. (ECF No. 30.)

2. On September 24, 2021, the Court approved of and filed the parties' stipulated protective order governing the distribution and maintenance of certain discovery in this case. (ECF No. 34.)

3. By previous order, this matter was set for a status conference to take place on December 13, 2021. (ECF No. 36.)

4. By this stipulation, defendant now moves to continue the status conference until March 28, 2022, and to exclude time between December 13, 2021, and March 28, 2022, under Local Code T4, and the associated federal statute.

5. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery associated with this case includes 5,959 Bates-stamped pages of discovery consisting of investigative reports, financial and business records, photographs, videos, and documents in native form, *e.g.*, spreadsheets, as well as other evidence seized during the investigation. These materials have been provided or made available to defendant's counsel.

   b) Since November 30, 2021, the staff of the United States Attorney's Office has been working with defense counsel's staff to resolve accessibility issues related to certain aspects of the discovery.

   c) Counsel for defendant desires additional time consult with her client, review the current charges, review and analyze the discovery, conduct investigation and research related to those charges, and otherwise prepare for trial.

   d) Additionally, counsel for defendant will be on medical leave from approximately January 2022, through approximately July 2022.

   e) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would also deprive defendant of the continuity of counsel.

   f) The government does not object to the continuance.

   g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2021 to March 28, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 2, 2021　　　　　　　　　　　PHILLIP A. TALBERT
　　　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/ NIRAV K. DESAI
　　　　　　　　　　　　　　　　　　　　　　　NIRAV K. DESAI
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

Dated:  December 2, 2021　　　　　　　　　　　/s/ HANNAH LABAREE
　　　　　　　　　　　　　　　　　　　　　　　HANNAH LABAREE
　　　　　　　　　　　　　　　　　　　　　　　Assistant Federal Defender
　　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　　　　　　WILLIAM A. SASSMAN

**ORDER**

The Court has reviewed the parties' stipulation and proposed order. For the reasons stated therein, the Court finds that, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2021 to March 28, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED this 8th day of December, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE