MARK REICHEL ATTORNEY AT LAW
455 Capitol Mall, 8th Floor.
Sacramento, CA 95814
(916) 498-9258

Attorney for Defendant
WILLIAM SASSMAN

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>WILLIAM SASSMAN<br><br>           Defendant. | CASE NO.  21-CR-00121 DJC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 11, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. Both parties now move to vacate the current status conference date of November 9, 2023, and to set a status conference on January 11, 2024, at 9:00 a.m., and to exclude time between the date undersigned and January 11, 2024 under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

2. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes voluminous evidence of financial records.

    b) Counsel for defendant has been appointed to represent this defendant on or about July 30, 2023, a very short time ago. He requires additional time to go through the voluminous discovery. Counsel for the defense has just been provided access to the protective order in the case which allows access to the discovery. In addition, counsel for defense was unavailable in a trial in Placer County Superior Court most of October 2023 in Peo v Kevin Davis, a 3 week trial.

    c) Counsel for defendants believes that failure to grant the above-requested

continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)        The government agrees to the continuance.

        e)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        f)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date undersigned to January 11, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 6, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ HEIKO COPPOLA
HEIKO COPPOLA
Assistant United States Attorney

Dated:  November 6, 2023

/s/ MARK J. REICHEL
MARK J. REICHEL
Counsel for Defendant

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 6th day of November 2023.

/s/ Daniel J. Calabretta

THE HONRABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT COURT JUDGE