JOHN R. MANNING
Attorney at Law
4005 Manzanita Ave., Suite 6-8
Carmichael, CA 95608
(916) 444-3994
jmanninglaw@yahoo.com

Attorney for Defendant
WILLIAM A. SASSMAN, II

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM A. SASSMAN, II,<br><br>Defendant. | CASE NO. 2:21-CR-00121-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 28, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

The United States of America through its undersigned counsel, Heiko Coppola, Assistant United States Attorney, together with counsel for defendant William A. Sassman, II, John R. Manning, Esq., hereby stipulate the following:

1. On, or about, September 25, 2024, undersigned counsel was appointed to represent Mr. Sassman. (ECF 81)

2. The parties appeared in court before the Hon. Daniel J. Calabretta on September 26, 2024. At this conference, the previously set trial date was vacated and this matter was set for status conference on January 9, 2025.  (ECF 82).  Time had previously been excluded under Local Code T-4 up to and including the now-vacated trial date of November 12, 2024.

3. Subsequently, on, or about, October 8, 2024, this matter, by order of the court, was reassigned to the Hon. Dena Coggins and all previous court dates were vacated presumably including speedy trial time exclusions. (ECF 85)

1

4. The parties then submitted a stipulation to this court seeking to move the matter from January 9, 2025 to January 10, 2025.  The parties specifically requested the court exclude time between October 8, 2024 and January 10, 2025.  This court granted the requested stipulation. (ECF 87)

5. By this stipulation, the defendant now moves to continue the matter until March 28, 2025, and to exclude time between January 10, 2025, and March 28, 2025, under Local Code T-4 (to allow defense counsel reasonable time to prepare).  The parties agree and stipulate, and request the Court find the following:

   a. The United States has thus far provided over 6,000 pages and numerous native files of discovery.  Counsel for the defendant needs additional time to review and analyze the discovery, conduct investigation, and interview potential witnesses related to the discovery production(s).

   b. Counsel for the defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c. The government does not object to the continuance.

   d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

   e. For the purpose of commuting time under the Speedy Trial Act, 18 United States Code Section 3161 (h) (7) (A) within which trial must commence, the time period of January 10, 2025, to March 28, 2025, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161 (h) (7) (A), (B) (iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within

2

which a trial must commence.

IT IS SO STIPULATED.


| Dated:  January 2, 2025 | /s/  John R. Manning |
| --- | --- |
| | JOHN R. MANNING |
| | Attorney for Defendant |
| | William A. Sassman, II |

| Dated:  January 2, 2025 | Phillip A. Talbert |
| --- | --- |
| | United States Attorney |
| | /s/  Heiko Coppola |
| | HEIKO COPPOLA |
| | Assistant United States Attorney |

## FINDINGS AND ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.

IT IS SO ORDERED.

Dated:  **January 3, 2025**

Dena Coggins
United States District Judge

3