1  ERIC GRANT
   United States Attorney
2  VERONICA M.A. ALEGRÍA
   NCHEKUBE ONYIMA
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
   United States of America
7

8                 IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,      | CASE NO. 2:21-CR-0121 DC
12 |             Plaintiff,          | AMENDED STIPULATION CONTINUING
   |                                 | STATUS CONFERENCE, EXCLUDING TIME
13 |         v.                      | UNDER THE SPEEDY TRIAL ACT AND
   |                                 | [PROPOSED] ORDER
14 | WILLIAM A. SASSMAN II,          |
   |    aka William A. Sassman II,   | CURRENT CONFERENCE DATE: Sept. 26, 2025
15 |                                 | [PROPOSED] CONFERENCE DATE: Nov. 7, 2025
   |             Defendant.          | TIME: 9:30 a.m.
16 |                                 | COURT: Hon. Dena Coggins

17

18                              **STIPULATION**

19     Plaintiff United States of America, by and through its counsel of record, and defendant, by and

20 through defendant's counsel of record, hereby stipulate as follows:

21     1.   This matter is currently set for trial on November 3, 2025, at 9:00 a.m. before District

22 Judge Dena Coggins, and time has been excluded under the Speedy Trial Act until then. (ECF No. 91.)

23     2.   At a hearing conducted on September 19, 2025, the Court relieved defense counsel of

24 their representation of defendant, and set a further status conference for September 26, 2025. (ECF No.

25 108). On September 24, 2025, current defense counsel Michael Heumann was substituted in as new

26 defense counsel. (ECF No. 110.)

27     3.   By this stipulation, defendant now moves to continue the status conference currently set

28 for September 26, 2025, until November 7, 2025, and to exclude time between November 3, 2025, and

November 7, 2025, under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., and Local Code T4.

  4. The parties also request that the Court vacate the trial date and remaining pretrial deadlines and hearings, including the following:

   a) September 26, 2025 Status of Counsel Hearing;

   b) October 3, 2025 Trial Confirmation Hearing;

   c) October 31, 2025 Motions *in Limine* Hearing;

   d) Motions *in Limine* and other pretrial documents filing deadlines; and

   e) November 3, 2025 trial date.

  5. The parties also agree and stipulate, and request that the Court find the following:

   a) Defense counsel was only appointed to this case yesterday.

   b) The discovery associated with this case includes approximately 6,413 Bates-stamped pages of discovery consisting of investigative reports, financial and business records, photographs, videos, and documents in native form (e.g., spreadsheets, lengthy transcripts of electronic communications), as well as other evidence seized during the investigation. The government is currently in the process of preparing this discovery for new defense counsel, but he has not yet received it.

   c) Counsel for defendant desires additional time consult with his client, review the current charges, review and analyze the discovery, conduct investigation and research related to those charges, and otherwise prepare for trial.

   d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would also deprive defendant of the continuity of counsel.

   e) The government does not object to the continuance.

   f) The continuance is not made because of the congestion of the Court.

   g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 3, 2025 to November 7, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 25, 2025

ERIC GRANT
United States Attorney

/s/ *Veronica Alegría*
VERONICA M.A. ALEGRÍA
NCHEKUBE ONYIMA
Assistant United States Attorneys

Dated: September 25, 2025

/s/ *Michael Heumann*
MICHAEL HEUMANN
Counsel for Defendant
WILLIAM A. SASSMAN II

**ORDER**

The court, having received, read and considered the parties' stipulation and good cause appearing therefrom, APPROVES the parties' stipulation filed on September 25, 2025. Accordingly, all previously scheduled dates in this case, including the Status of Counsel Hearing scheduled for September 26, 2025, are VACATED, and a Status Conference is scheduled for November 7, 2025, at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The court finds that, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 3, 2025, through November 7, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **September 25, 2025**

Dena Coggins
United States District Judge