UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-00121-DC-1 |
| Plaintiff, | |
| v. | ORDER ON MOTIONS *IN LIMINE* |
| WILLIAM A. SASSMAN, | (Doc. Nos. 130, 132, 133) |
| Defendant. | |

This matter is before the court on the Government's motions *in limine* to admit business records (Doc. No. 132) and to permit impeachment with evidence of Defendant's prior conviction (Doc. No. 130), and Defendant's motion *in limine* to exclude witnesses and order the Government's case agent to testify first (Doc. No. 133).[1] For the reasons explained below, the court will grant the Government's motions *in limine* and grant in part and deny in part Defendant's motion *in limine*.

**A.    Government's Motion *in Limine* No. 1 – Defendant's Prior Conviction (Doc. No. 130)**

The Government requests the court permit the Government to impeach Defendant, should he testify, by offering evidence of his prior conviction pursuant to Federal Rule of Evidence 609. (Doc. No. 130 at 1.) Defendant was convicted on or around November 22, 2010, of thirteen

---

[1] The court will address the Government's remaining motion *in limine* (Doc. No. 131) at the hearing set for May 29, 2026. (*See* Doc. No. 152.)

1

counts of grand theft in violation of California Penal Code § 487(a) with an excessive loss enhancement, in violation of California Penal Code § 12022.6(a)(4) and an aggravated white collar crime enhancement, in violation of California Penal Code § 186.11. (*Id.* at 1–2.) On January 7, 2011, Defendant was sentenced to eighteen years in prison but was released from state custody on October 15, 2016. (*Id.*) Defendant also owed more than $4.45 million in restitution to thirteen victims. (*Id.*)

Rule 609(a) provides in relevant part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> . . .
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) For any crime regardless of punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a). Here, the parties do not seem to dispute that the elements of grand theft do not require proving a dishonest act or false statement. Instead, the Government argues that Defendant's conviction should be admitted under Rule 609(a)(2) because the aggravated white collar enhancement required a finding that Defendant committed "[t]wo or more related felonies, a material element of which is fraud or embezzlement . . . ." (Doc. No. 130 at 3) (citing Cal. Penal Code § 186.11). Defendant in his opposition argues that the elements of an enhancement cannot satisfy the statute's requirements given that Rule 609(a)(2)'s language is limited to the elements of the charged crime. (Doc. No. 141 at 1.) The court need not resolve this dispute, however, because evidence of Defendant's prior conviction is admissible under Rule 609(a)(1)(B). First, the parties do not dispute that the crime was punishable by imprisonment for more than one year. (*See* Doc. No. 130 at 1.) Second, the court has considered the evidence of Defendant's prior conviction and finds that the probative value of the evidence outweighs its prejudicial effect to the

2

Defendant and is therefore admissible pursuant to Rule 609(a)(1)(B). Accordingly, the Government's motion *in limine* to permit the Government to impeach Defendant, should he testify, with evidence of his prior conviction will be granted.

**B.      Government's Motion *in Limine* No. 3 – Business Records (Doc. No. 132)**

The Government seeks a preliminary determination of admissibility of certain certified business records as self-authenticating, pursuant to Federal Rules of Evidence 104, 803(6), and 902(11). (Doc. No. 132.) On May 21, 2026, Defendant filed a statement of non-opposition to the Government's motion and stated he does not oppose the admission of the Government's requested documents as business records. (Doc. No. 143 at 1.) Accordingly, the Government's motion *in limine* requesting a preliminary determination of the foundational admissibility of the records listed in Exhibit 3 as business records without testimony from a custodian of records will be granted.

**C.      Defendant's Motion *in Limine* No. 1 – Exclusion of Witnesses (Doc. No. 133)**

Defendant requests the court exclude witnesses from the courtroom, allow the Government to designate only one case agent, and order the Government's case agent to testify first. (Doc. No. 133.) Defendant also requests the court order sequestered witnesses not to review transcripts of pretrial or trial testimony and not to converse with each other about this case. (*Id.* at 3.) On May 19, 2026, the Government filed a response, in which it joined Defendant's request to exclude witnesses from the courtroom prior to their testimony. (Doc. No. 137 at 1.) Indeed, Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615(a). Accordingly, the court will grant the parties' request to exclude witnesses from the courtroom prior to their testimony. The court will also grant Defendant's request that no more than one case agent be designated by the Government pursuant to Rule 615(a)(2), which permits the Government to designate one case agent as a party representative. *See* Fed. R. Evid. 615(a)(2) ("But this rule does not authorize excluding: one officer or employee of a party that is not a natural person . . . .").

As for Defendant's request that the court order sequestered witnesses not to review

transcripts of pretrial or trial testimony and not to converse with each other about this case, that request is unopposed by the Government and will be granted. (Doc. No. 133 at 3.) The court orders both parties' counsel to admonish witnesses that they are not to read pretrial or trial transcripts or to discuss the case with anyone other than counsel.

The Government opposes Defendant's request that this court order the Government's case agent to testify first. (Doc. No. 137 at 1–3.) Defendant cites no binding authority to support this request. As the Government points out, Rule 615 does not "authorize excluding . . . one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney . . . ." Fed. R. Evid. 615(a)(2). The Ninth Circuit has interpreted this rule to allow a government case agent to sit in the courtroom during witness testimony, even if the case agent may serve as a witness during the trial. *United States v. Thomas*, 835 F.2d 219, 223 (9th Cir. 1987) (holding that pursuant to Ninth Circuit precedent, the district court did not err in allowing the case agent—an officer for the government—to remain in the courtroom during trial despite also serving as a fact witness); *United States v. Garcia*, No. 18-cr-00466-BLF, 2021 WL 4594774, at *5 (N.D. Cal. Oct. 6, 2021) (granting defendant's request to exclude witnesses from the courtroom but declining to order the government's case agent to testify first pursuant to *Thomas*); *see also United States v. Manavalan*, No. 2:23-cr-00192-LK, 2026 WL 100722, at *3 (W.D. Wash. Jan. 14, 2026) (noting that an order requiring the government's case agent to testify first would not be appropriate). The court does not find a sufficient basis to require the case agent to testify first. Accordingly, the court will deny Defendant's request that the court order the Government's case agent to testify first.

For the reasons explained above:

1.    The Government's motion *in limine* requesting that the court permit the Government to impeach Defendant, should he testify, by offering evidence of his prior conviction (Doc. No. 130) is GRANTED;

2.    The Government's motion *in limine* requesting a determination of foundation admissibility of business records (Doc. No. 132) is GRANTED; and

3.    Defendant's motion *in limine* to exclude witnesses from the courtroom and to

4

order the Government's case agent to testify first (Doc. No. 133) is GRANTED IN PART and DENIED IN PART as described above.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

_____
Dena Coggins
United States District Judge

5