UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIAM A. SASSMAN,<br>Defendant. | No. 2:21-cr-00121-DC<br><br><u>ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL, OR ALTERNATIVELY A NEW TRIAL</u><br><br>(Doc. No. 170) |

This matter is before the court on Defendant's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or in the alternative, motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. (Doc. No. 170.) On June 25, 2026, the Government filed an opposition to Defendant's motion. (Doc. No. 171.) Defendant did not file a reply thereto. Neither party requested oral argument on the pending motion. For the reasons explained below, the court will deny Defendant's motion.

**A. Motion for Judgment of Acquittal**

Pursuant to Federal Rule of Criminal Procedure 29, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). "If the jury has returned a guilty verdict, the court

may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). "A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard," which means that "evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998). "In ruling on a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977), *supplemented*, 574 F.2d 476 (9th Cir. 1978), (quoting *United States v. Nelson*, 419 F.2d 1237, 1241 (9th Cir. 1969)).

Here, the jury found Defendant guilty on two counts of money laundering, 18 U.S.C. § 1957, based on evidence presented at trial showing Defendant deposited the proceeds from the resale of two luxury watches into his bank account, and at the time of the resale and deposit of those two checks, Defendant knew he purchased those watches using an account funded by fraud.

Defendant asserts that his "Rule 29 motion is made on the grounds that the prosecution failed to present sufficient evidence on each and every element of Counts 1 and 2, from which rational jurors could conclude beyond a reasonable doubt that [he] was guilty." (Doc. No. 170 at 2.) However, Defendant addresses only the second element of the offense of money laundering: whether the defendant knew the transaction involved criminally derived property. (*Id.*) Defendant does not discuss the evidence at trial nor present any argument as to the other elements of the offense. Defendant contends that "the evidence showing that [he] was aware the watches were criminally derived property, as required by the second element of 18 U.S.C. § 1957, is lacking." (*Id.*) Defendant further contends that "[t]he evidence at trial showed that [he] was never told the particular transactions used to purchase [the watches] involved criminally derived funds, only that an undisclosed amount of money in the account had resulted from fraud." (*Id.*) Defendant argues that "[t]he lack of follow-up from either the bank or law enforcement regarding the watches or the funds used to purchase them only solidified his belief." (*Id.*)

Defendant's argument focuses only on his narrative and his version of the story, which he

presented to the jury by taking the stand and testifying in his own defense. The jury was not persuaded by Defendant's explanation. Notably, considerable portions of Defendant's testimony called into question his credibility and actually support his conviction: (i) Defendant admitted that he was monitoring his bank account, which had a negative balance, and waited for a large deposit; (ii) he saw the single, large deposit for $6.5 million from Tukwila School District hit his bank account; (iii) he was told by the bank's fraud investigator that his bank account was funded by fraud, specifically that the school district had been a victim of an email fraud scheme; (iv) he sent the investigator a letter confirming that his account had been funded with "ill-gotten gains;" and (v) when asked by the investigator about his transactions using the fraudulent funds in his account, Defendant told him the money in those transactions were used to pay various vendors in order to procure construction supplies—even though two of those wire transactions were used to purchase two luxury watches.

Defendant also does not address the other admitted evidence nor explain why that evidence was insufficient to sustain his conviction. As emphasized by the Government in their opposition (Doc. No. 171 at 4–7), this evidence showed that weeks before Defendant resold the watches, Defendant told Mr. Hieli in a Skype message that the account was closed, and he had no access to it since the account was funded fraudulently. The jury can infer from this evidence that Defendant knew when he resold the watches and deposited proceeds from those sales into his new bank account that those funds were criminally derived. In addition, the evidence at trial showed that Defendant spent over $1.7 million in the two weeks after the fraudulent funds were deposited (none of which was spent on construction supplies), and Defendant resold the watches at a 30% discount and deposited the proceeds from those resales in a different bank account under a different business name, which he claimed was an account for a non-profit charity to help women and children.

Thus, the court readily concludes that the evidence presented at trial was more than sufficient to sustain Defendant's convictions.

**B. Motion for a New Trial**

Pursuant to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the

court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. Kellington*, 217 F.3d 1084, 1095 (9th Cir. 2000) (citation omitted). When considering a motion for a new trial, "[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id*. Notably, even where the verdict is supported by sufficient evidence, district courts may nonetheless grant a motion for new trial if "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Id.* at 1087 (quoting *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992)). Though such authority is to be exercised only where extraordinary circumstances are presented. *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (explaining that a motion for a new trial "should be granted 'only in exceptional cases in which the evidence preponderates heavily against the verdict'") (citation omitted).

In his pending alternative motion under Rule 33, Defendant merely restates the applicable legal standard by asserting in conclusory fashion that "in this case the evidence preponderated heavily against the verdict." (Doc. No. 170 at 3.) Defendant does not offer any argument to support his assertion. Critically, the court found many of the Government's witnesses to be highly credible, and the vast majority of the evidence offered by the Government weighs heavily toward finding Defendant guilty beyond a reasonable doubt on the charged counts. In contrast, despite testifying at length during trial, the court did not find Defendant's testimony persuasive. For example, Defendant gave conflicting explanations when asked about his transactions using the fraudulent funds, at times representing that the transactions were for construction supplies and yet admitting the transactions included purchases at department stores, gas stations, the Apple store, and indeed the luxury watch retailers. In light of the court's independent assessment of the evidence presented at trial, the court is not concerned that a serious miscarriage of justice may have occurred in Defendant's trial. Defendant's alternative motion for a new trial under Rule 33 will also be denied.

For the reasons explained above, Defendant's motion for a judgment of acquittal, or in the alternative, motion for a new trial (Doc. No. 170) is hereby DENIED.

IT IS SO ORDERED.

Dated: **July 19, 2026**

Dena Coggins
United States District Judge